UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PETER GERARD JONES,
#226310,

    Petitioner,                                   Civil Action No. 18-CV-11621

vs.                                                 HON. BERNARD A. FRIEDMAN

ERICK BALCARCEL,

    Respondent.
_____/

**OPINION AND ORDER DENYING PETITIONER'S APPLICATION FOR A WRIT
OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO APPEAL IN FORMA PAUPERIS**

Petitioner, an inmate at the Chippewa Correctional Facility in Kincheloe, Michigan, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his conviction for first-degree premeditated murder, MICH. COMP. LAWS § 750.316(1)(a), and first-degree felony murder, MICH. COMP. LAWS § 750.316(1)(b), following a jury trial in Oakland County Circuit Court. The Court shall deny the petition because the claims are without merit. The Court shall also deny petitioner a certificate of appealability and leave to appeal in forma pauperis.

*I. Background*

The Michigan Court of Appeals has previously summarized the facts of this case as follows:

> Defendant was convicted of murdering Bernice Schaufele on January 13, 2014, at her condominium in Novi, Michigan. Defendant resided with his sister at the same condominium complex. The evidence showed that defendant forced his way into the decedent's condominium, stabbed her, and took various items from her home. Later that day, defendant purchased cocaine and repaid a drug debt. Defendant came to the attention of the police when he was observed loitering near the scene. A search of defendant's residence pursuant to a warrant led to the discovery of concealed items belonging to Schaufele and a dish towel with dried blood on it; DNA testing revealed

1

that the blood on the towel matched the decedent's DNA profile. The prosecutor's theory at trial was that defendant robbed Schaufele to support his drug addiction, and killed her because she recognized him as a resident of the same condominium complex.

Before trial, the prosecution filed a motion to introduce under MRE 404(b) evidence of several prior criminal acts by defendant. The motion listed 13 prior criminal incidents in which defendant stole from or assaulted other people during a robbery. Over defendant's objection, the trial [sic] granted the prosecutor's motion to admit this evidence. At trial, however, the prosecutor introduced only one of the prior acts listed in the pretrial motion; Tracy O'Neal testified that in 1998, defendant came to O'Neal's home to purchase cocaine from Corey Hardy. While at the home, defendant robbed and fatally stabbed Hardy. Afterward, O'Neal saw defendant loitering outside his home observing the scene while the police were present.

The prosecution also presented the testimony of two witnesses, Donald Beauchamp and Antoine Campbell, each of whom met defendant while housed in the same jail. Each witness testified that defendant admitted to robbing and stabbing an elderly woman to obtain money for drugs.

*People v. Jones*, No. 324512, 2016 WL 4129097, at *1 (Mich. Ct. App. Aug. 2, 2016).

Petitioner now seeks habeas relief on the following grounds:

A. The prosecutor's abuse of the trial court permitting him to introduce the petitioner's prior bad acts pursuant to MRE 404(b), through the use of irrelevant and highly prejudicial evidence so fundamentally infected the proceeding with unfairness that the resulting conviction was a denial of due process of law pursuant to U.S. Const. Amend. XIV.

B. The trial court violated the petitioner's due process rights by permitting the prosecutor to introduce prior bad acts, where the prejudicial effect substantially outweighed the probative value, and the trial court did not correctly engage in any balancing of those factors substantially prejudicing the petitioner and denying him his right to a fair trial pursuant to U.S. Const. Amend. XIV; MI Const art. 1, § 17.

C. The trial court erred when denying defendant's motion for an evidentiary hearing and a new trial when an evidentiary hearing is necessary to show the petitioner was denied the constitutional right to effective assistance of counsel pursuant to U.S. Const. Amend. VI, XIV; Const 1963, art 1, § 20.

Pet. at 2-3.

2

## II. Standard of Review

Section 2254(d) imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In defining the term "contrary to," the Supreme Court has explained:

First, a state-court decision is contrary to this Court's precedent if the state court arrives at a conclusion opposite to that reached by this Court on a question of law. Second, a state-court decision is also contrary to this Court's precedent if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to ours.

*Williams v. Taylor*, 529 U.S. 362, 405 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id*. at 409.

Under this deferential standard of review, a federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id*. at 410-11. Rather, "a state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (internal quotation marks and citation omitted).

### III. Petitioner's Claims

#### A. Introduction of Prior Bad Acts (Claims A and B)

In petitioner's first two claims he argues that the government's introduction of prior bad acts evidence denied him a fair trial. *See* Pet. at 2-3. He contends that the evidence introduced was irrelevant, inadmissible, and used in violation of M.R.E. 403 and 404(b).[1] *See id*. at 2-3, 22-25, 35-51. While M.R.E. 403 prohibits the introduction of evidence when its probative value is "substantially outweighed by the danger of unfair prejudice," M.R.E. 404(b) prohibits the use of prior bad acts evidence to establish a defendant's propensity to commit a crime. *See id.* at 37-38. Petitioner further argues that the government's introduction of the prior acts evidence was so prejudicial as to constitute prosecutorial misconduct. *See id*. at 26-32.

It is "not the province of a federal habeas court to reexamine state-court determinations on state-court questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). "[A] federal court may issue the writ [of habeas corpus] to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (quoting § 2254(a)). Thus, "[e]rrors in the application of state law, especially rulings regarding the admissibility of evidence, are usually not questioned by a federal habeas court." *Seymour v. Walker,* 224 F.3d 542, 552 (6th Cir. 2000). Because petitioner's claims A and B involve a question of evidentiary admissibility under state law, they are not cognizable claims on federal habeas review. *See Estelle,* 502 U.S. at 72 ("Nor do our habeas powers allow us to reverse [defendant's] conviction based

---

[1] Respondent argues that these claims are procedurally defaulted because petitioner failed to preserve the issues by objecting at trial. However, in his third claim petitioner alleges that trial counsel was ineffective for failing to make this very objection. Because ineffective assistance of counsel may establish cause for procedural default, *see Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000), the Court prefers to consider the claims on the merits. *See Cameron v. Birkett,* 348 F. Supp. 2d 825, 836 (E.D. Mich. 2004).

4

on a belief that the trial judge incorrectly interpreted the [state] Evidence Code in ruling that the prior injury evidence was admissible as bad acts evidence in this case."); *see also Bey v. Bagley,* 500 F.3d 514, 519 (6th Cir. 2007) (noting that "[petitioner's] claim that the state trial court erred in the application of state law, specifically a ruling on evidence, . . . is simply not cognizable on habeas review").

Further, petitioner's argument that the admission of the prior acts evidence constituted or resulted in a denial of due process does not entitle him to habeas relief. The Sixth Circuit has observed that "[t]he Supreme Court has never held (except *perhaps* within the capital sentencing context) that a state trial court's admission of *relevant* evidence, no matter how prejudicial, amounted to a violation of due process." *Blackmon v. Booker*, 696 F.3d 536, 551 (6th Cir. 2012) (emphasis in original). In the present case, the Michigan Court of Appeals found the prior acts evidence to be relevant under Michigan law. *Jones*, 2016 WL 4129097, at *2. This Court must defer to the state court's determination.

For these reasons, petitioner's claims A and B do not merit habeas relief.

### B. Ineffective Assistance of Counsel (Claim C)

In petitioner's third claim, claim C, he contends that counsel was ineffective for (1) not challenging his arrest in violation of the Fourth Amendment, (2) not challenging the search of his residence, and (3) not objecting to the admission of evidence that he argues was inadmissible under state law. *See* Pet. at 59-68. Petitioner also argues that the state courts erred in denying his request for an evidentiary hearing on his ineffective assistance of counsel claims pursuant to *People v. Ginther*, 212 N.W.2d 922 (Mich. 1973). *See id.* at 59, 68-69.

The Court has no authority to grant habeas relief on petitioner's claim that the state courts denied his motion for an evidentiary hearing, allegedly in violation of Michigan Supreme Court precedent. As previously noted, alleged violations of state law or procedure that do not infringe specific federal constitutional protections are not cognizable claims under § 2254. *See Estelle*, 502

5

U.S. at 67-68. Whether, by denying petitioner's motion for an evidentiary hearing, the state courts erred in their application of state law is a question that cannot be reviewed by a federal habeas court. *See Hayes v. Prelesnik,* 193 F. App'x 577, 584 (6th Cir. 2006). Accordingly, the evidentiary hearing aspect of claim C lacks merit.

As to petitioner's ineffective assistance of counsel claims, in *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court set forth a two-prong test for determining whether a defendant received ineffective assistance of counsel. First, defendant must demonstrate that "counsel's performance was deficient." *Id*. at 687. Second, defendant must demonstrate that counsel's "deficient performance prejudiced the defense." *Id*. To demonstrate prejudice, defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

Petitioner first argues that trial counsel should have challenged the legality of his arrest because the police lacked probable cause to arrest him. *See* Pet. at 64. The Michigan Court of Appeals rejected this claim as follows:

> Defendant argues that counsel was ineffective for failing to challenge the seizure of defendant's person and the search of defendant's residence. Defendant was detained at the police station on a parole hold. A police officer may arrest a parolee without a warrant and detain the parolee if the officer has "reasonable grounds to believe that the prisoner has violated parole[.]" MCL 791.239. Defendant's assertion that the parole hold was based on a falsified allegation that he admitted smoking marijuana and drinking alcohol that day in violation of the terms of his parole is not supported by an affidavit or any other evidence. Thus, defendant has not established a factual predicate for this claim, and therefore has not overcome the presumption that counsel rendered effective assistance.

*Jones*, 2016 WL 4129097, at *5 (internal citations omitted).

Petitioner has presented no evidence, either to the state courts or to this Court, that the police fabricated his admission to smoking marijuana and drinking alcohol on the day of his arrest. Conclusory allegations of ineffective assistance of counsel, without any evidentiary support, do not

6

provide a basis for habeas relief. *See Workman v. Bell,* 178 F.3d 759, 771 (6th Cir. 1998). Petitioner's admission would have given the police probable cause to believe that he had violated his parole and thus lawful grounds to detain him under Michigan law. Because petitioner failed to present any evidence in support of his argument that the officers illegally detained him, he also has not demonstrated that counsel's failure to challenge the legality of his detention constituted deficient performance. Further, lacking any evidence to support this claim, petitioner cannot show that "there is a reasonable probability that . . . the result of the proceeding would have been different" had counsel challenged the legality of his arrest. *Strickland*, 466 U.S. at 694. This claim is without merit.

Petitioner next contends that trial counsel was ineffective for failing to challenge the information contained in the search warrants issued on January 15 and 16, 2014, two and three days after the day of the murder, respectively. *See* Pet. at 61-62. The affidavits in support of the warrants state that the police officers "offered [petitioner] a ride to and from the station and that he was not under arrest," which, petitioner argues, is false. *Id*. at 62 (citing Ex. H, search warrant and affidavit for 1/15/14 and 1/16/14). Rather, petitioner alleges that the officers ordered him into the patrol car and refused to allow him to leave the police station, despite petitioner's multiple requests to this effect. *See id*.

> The Michigan Court of Appeals rejected petitioner's claim as follows:
>
> In this case, defendant has made no showing that the challenged statement in the search warrant affidavit was false. Even if the statement was false, however, it was not necessary to a finding of probable cause to search defendant's residence. The statement had no relation to evidence pertaining to the decedent's killing and its possible location in defendant's residence.

*Jones*, 2016 WL 4129097, at *6 (internal citations omitted).

In *Franks v. Delaware*, 438 U.S. 154 (1978), the United States Supreme Court held that

> where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard

7

> for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request.

*Id*. at 155-56. In the present case, petitioner has not shown that a false statement was included in the affidavit or that the allegedly false statement was necessary to the finding of probable cause.

Had the affidavits excluded the allegedly false statement, they still would have contained sufficient information to establish probable cause that evidence of the murder would be found at petitioner's residence. The two affidavits at issue, those of Detectives Brown and Wilson, thoroughly describe the officers' investigation and findings. *See* docket entry 8-16, Ex. B, PageID.1728-41. Both affidavits state that petitioner and his sister provided conflicting stories as to petitioner's whereabouts on the morning of the murder. *See id*. at PageID.1732, 1740. The affidavits also allege that impressions of petitioner's shoes were found inside of and around the victim's home. *See id*. at PageID.1733, 1741. Finally, Detective Brown's affidavit states that an earlier search of petitioner's residence, which was conducted on January 14, 2014, uncovered a bloody dish towel that matched those of the victim, a cosmetic bag, rings, watch links that matched the victim's watch, and a Sentry safe key that fit the victim's safe. *See id.* Collectively, this constitutes sufficient information to support the issuance of a search warrant. The presently challenged statement as to the conditions under which petitioner traveled to the police station was not necessary to the finding of probable cause. Because the facts of this case clearly do not warrant a *Franks* hearing, petitioner cannot demonstrate that counsel's performance was deficient, or that had counsel requested a *Franks* hearing "there is a reasonable probability that . . . the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Next, petitioner alleges that trial counsel should have filed a motion to suppress because "the consent to search form was blank" when he signed it and because the search was expressly limited to "the premises under [his] control." Pet. at 63 (internal quotation marks omitted). Petitioner

alleges that the police searched his sister's entire residence, notwithstanding the fact that he lived in the basement and controlled only that area. *See id*. Petitioner also alleges that he requested counsel before he signed the form, but his request was denied. *See id.*

> The Michigan Court of Appeals rejected this claim as follows:
>
> The validity of consent is determined under the totality of the circumstances. Defendant does not contend that he did not understand the consent form or that he raised any objections to its scope. Moreover, the consent form was signed on January 13, 2014. A case report indicates that defendant signed a *Miranda* rights form on January 14, 2014, but then invoked his right to counsel and all questioning stopped. No evidence supports defendant's assertion that he sought and was refused counsel before signing the consent form. Moreover, although defendant asserts that the police exceeded the scope of a permissible search by searching areas of his sister's residence under which he had no control, he does not allege that any evidence was discovered or seized from these other areas. Thus, defendant has not established the necessary factual predicates for his claim that trial counsel was ineffective for failing to challenge the validity of the consent form.

*Jones*, 2016 WL 4129097, at *6 (internal citation omitted).

Petitioner has failed to offer any proof that he did not consent to the search at issue or that he invoked his right to counsel prior to signing the consent form. More importantly, he has failed to show that any evidence was discovered in or seized from areas beyond his control. Under the circumstances, petitioner cannot demonstrate that counsel's performance was deficient, or that had counsel filed a motion to suppress "there is a reasonable probability that . . . the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Finally, petitioner argues that trial counsel was ineffective for failing to object to the admission of the prior acts evidence at issue in claims A and B. *See* Pet. at 64-69. Petitioner adds that counsel should have objected to evidence of his drug use and unemployment status. *See id*. at 65. The Michigan Court of Appeals rejected this claim, finding that the "evidence that defendant used drugs was relevant in that it helped explain a motive for defendant's act of robbing and killing the decedent." *Jones,* 2016 WL 4129097, at *7. The Michigan Court of Appeals further noted that counsel did object

to the admission of the evidence involving petitioner's killing of Corey Hardy in 1998 but that his objection was overruled. *Id.*

Federal habeas courts "must defer to a state court's interpretation of its own rules of evidence and procedure when assessing a habeas petition." *Miskel v. Karnes*, 397 F.3d 446, 453 (6th Cir. 2005) (internal quotation marks and citation omitted). Because the Michigan Court of Appeals determined that this evidence was admissible under Michigan law, this Court must defer to that determination in resolving petitioner's ineffective assistance of counsel claim. *See Brooks v. Anderson*, 292 F. App'x 431, 437-38 (6th Cir. 2008). This Court "cannot logically grant the writ based on ineffective assistance of counsel without determining that the state court erred in its interpretation of its own law." *Davis v. Straub*, 430 F.3d 281, 291 (6th Cir. 2005). Further, the Michigan Court of Appeals' determination that petitioner was not denied the effective assistance of trial counsel was not contrary to, or an unreasonable application of, clearly established federal law. For these reasons, petitioner's final claim of ineffective assistance of counsel lacks merit.

### IV. *Certificate of Appealability and Leave to Proceed in Forma Pauperis*

In order to appeal the Court's decision, petitioner must obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2).

> To obtain a [certificate of appealability] under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that . . . includes showing that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.

*Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). The Court may grant or deny a certificate of appealability when it issues a ruling on a habeas petition. *See Castro v. United States*, 310 F.3d 900, 901 (6th Cir. 2002). In the present case, jurists of reason could not debate the Court's conclusion that petitioner has failed to make a substantial showing of the denial of a federal constitutional right. Therefore, a certificate of appealability is denied.

The Court also denies petitioner leave to appeal in forma pauperis because any appeal would be frivolous. *See* 28 U.S.C. § 1915(a)(3).

### *V. Conclusion*

Accordingly,

IT IS ORDERED that petitioner's application for a writ of habeas corpus is denied.

IT IS FURTHER ORDERED that a certificate of appealability is denied.

IT IS FURTHER OREDERED that leave to proceed in forma pauperis is denied.

Dated: March 25, 2021  
Detroit, Michigan

s/Bernard A. Friedman  
Bernard A. Friedman  
Senior United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on March 25, 2021.

Peter Gerard Jones #226310  
ST. LOUIS CORRECTIONAL FACILITY  
8585 N. CROSWELL ROAD  
ST. LOUIS, MI 48880

s/Johnetta M. Curry-Williams  
Case Manager